UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LESLIE BAILEY,

            Plaintiff,

           -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-0865 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

Jeffrey Delott, counsel to plaintiff Leslie Bailey ("plaintiff") in the above-captioned action, moves the Court to authorize attorney's fees and costs in the amount of $10,214.37 in fees and $766.26 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Mot. for Attorney's Fees, Doc. Entry No. 22.) The Commissioner opposes the motion. (Mot. in Opp. to Pl.'s Mot. for EAJA Fees ("Comm'r Opp."), Doc. Entry No. 24.) For the reasons set forth below, the motion is granted in part and Mr. Delott is directed to recalculate the attorney's fees consistent with this opinion.

## **BACKGROUND**[1]

Plaintiff filed a disability application on April 26, 2006, alleging she was disabled due to fibromyalgia beginning July 20, 2004. The application was denied on August 18, 2006. (R. 73-74, 100-03.) Plaintiff subsequently made a timely request for a hearing by an administrative law judge and a hearing was held before Administrative Law Judge David Nisnewitz ("the ALJ"). (R. 104.) By decision dated July 20, 2007, the ALJ denied the application, finding that plaintiff's residual functional capacity ("RFC") did not preclude her from performing the

---

[1] Familiarity with the facts and background of this matter as set forth in *Bailey v. Astrue*, 815 F. Supp. 2d 590 (E.D.N.Y. 2011) is assumed, and only those facts necessary to decide the motion shall be set forth herein.

physical and mental demands of her past relevant work as a fire alarm dispatcher and, therefore, she was not disabled for the closed period in question. (R. 21, 75-83.) On February 27, 2009, the Appeals Council granted plaintiff's request for review and remanded the case for additional proceedings. (R. 87-92.) On September 24, 2009, the ALJ issued a decision again finding plaintiff was not disabled. (R. 12-22.) On January 29, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (R. 1-3.)

On March 2, 2010, with the assistance of Mr. Delott, plaintiff appealed the final decision. (Complaint, Doc. Entry No. 1.) On May 28, 2010, the Commissioner filed the administrative record and his Answer. (*See* Doc. Entries No. 4, 5.) On June 22, 2010, Mr. Delott emailed Commissioner's counsel documents he claimed were excluded from the Administrative Record, including a November 11, 2005 report from Dr. Bruce Stein ("Dr. Stein"), a rheumatologist. *Bailey v. Astrue*, 815 F. Supp. 2d 590, 592 (E.D.N.Y. 2011). On August 13, 2010, Commissioner reported that the Appeals Council wanted to remand for further proceedings, because the Appeals Council had not addressed Dr. Stein's November 11, 2005 assessment prior to denying plaintiff's request for review. *Id*. Plaintiff declined the remand offer asserting that the Appeals Council "undeniably" received the November 11, 2005 records, and the rationale for remand was baseless. *Id.*; (*see also* Decl. of Karen T. Callahan ¶¶ 5-7, Doc. Entry No, 14.)

The Commissioner moved for remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g) to consider the additional medical records that he claimed constituted new and material evidence. (Comm'r Notice of Mot. at 1, Doc. Entry No. 11; Comm'r Mem. in Supp. of Mot. for Remand at 15-16, Doc. Entry No. 10.) Plaintiff then cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking reversal of

the Commissioner's decision and remand solely for the purpose of calculating an award of benefits. (Pl. Notice of Mot., Doc. Entry No. 15.)

On September 27, 2011, this Court found that the ALJ's decision to deny plaintiff's claim for Social Security Disability benefits was based on a flawed application of the treating physician rule as to Dr. Stein's findings, and remanded the case for the ALJ to duly consider the treating physician's findings against all other medical evidence. *Bailey*, 815 F. Supp. 2d at 598. Accordingly, plaintiff's motion for judgment on the pleadings was denied. *Id.* at 598-99. The Commissioner's motion for remand for further administrative proceedings was granted. *Id.* at 600. Since the matter was already being remanded for proper consideration of the treating physician's findings against the record as a whole, Dr. Stein's November 11, 2005 records were to be evaluated upon remand. *Id.* Lastly, the Court ordered that, on remand, the matter be assigned to a different ALJ, due to the inappropriate contentiousness between the ALJ and plaintiff's counsel. *Id.* at 601.

On November 1, 2011, plaintiff made a motion for attorney fees in the amount of $10,214.37, calculated at the hourly rate of $188.11 for 54.3 hours, and costs in the amount of $766.26, consisting of $350 for filing fees, $130 for service costs, $281.26 for electronic research fees, and $5 for postage, on the basis that the Commissioner's position was not substantially justified. (Mot. for Attorney's Fees, Affirmation ¶¶ 11-12.)

The Commissioner partially opposed plaintiff's motion, claiming that plaintiff's request for attorney's fees and costs was unreasonable and excessive, because petitioner's rejection of the Commissioner's offer of remand was unreasonable. Furthermore, the hourly rate should be reduced as it was not calculated using historic hourly rates and plaintiff's request for $130.00 in

3

"service costs" should be denied, as the request was not supported with sufficient explanation or documentation. (Comm'r Opp. at 9, 11, 24.)

In response, plaintiff claimed that the Commissioner's opposition was made in bad faith, because it repeated the same legal arguments already rejected by courts in this district, and therefore, plaintiff had a right to recover attorney's fees at the prevailing market rate. Plaintiff made a modified request for attorney's fees for $31,400, calculated at the hourly market rate of $500 for 62.8 hours of work, and $773.43 in costs (the difference from the original request for costs being an additional $7.17 in research fees.). (Reply Mem. of Law in Further Support of Motion for Attorney's Fees and Costs, Doc. Entry No. 26.)

## **DISCUSSION**

The Equal Access to Justice Acts provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A). Pursuant to the EAJA, to be eligible for an award of attorney's fees a claimant must show that: (1) she is a "prevailing party;" (2) the Government's position was not "substantially justified;" (3) no "special circumstances make an award unjust;" and (4) the fee application was submitted to the court within 30 days of final judgment in the action. *Kerin v. U.S. Postal Service*, 218 F. 3d 185, 189 (2d Cir. 2000) (citing 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990)). The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court. *Harris v. Astrue*, 701 F. Supp. 2d 410, 412-13 (E.D.N.Y. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, the Commissioner does not dispute that plaintiff meets the first, second and fourth

4

requirements, but argues that "special circumstances" render the amount sought unreasonable. (*See* Comm'r Opp. at 3.)

Whether the plaintiff should receive attorney's fees after refusing an offer of remand depends on whether refusal was reasonable. *Harris*, 701 F. Supp. 2d at 413 (citing *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 115-17 (E.D.N.Y 2000)). "If the record demonstrates that a plaintiff could have reasonably expected to obtain a reversal, opposition by plaintiff to an offer to remand would not be excessive even if the court ultimately disagreed with plaintiff's arguments and remanded the case." *McLaurin*, 95 F. Supp. 2d at 115-17; *see also Ferguson v. Apfel*, 2000 WL 709018, at *4 (E.D.N.Y. Apr. 17, 2000) (awarding plaintiff's counsel EAJA fees is appropriate where the plaintiff opposed defendant's motion to remand, if plaintiff's arguments for reversal "were not specious or meritless"); *cf. Beiro v. Astrue*, 2009 WL 9057735 at *4 (E.D.N.Y. Nov. 23, 2009) ("[C]ourts have found that attorneys' fees for motion practice that results in no appreciable gain for the plaintiff need not be reimbursed.").

A.  **Plaintiff's Rejection of the Commissioner's Offer of Remand Was Reasonable**

Whether plaintiff was reasonable in rejecting the Commissioner's offer is determined based on plaintiff's likelihood of success on the motion, by reviewing the underlying merits of the case. *McLaurin*, 95 F. Supp. 2d at 115. Commissioner argues, as he did in *Harris* and *Pereira*, that special circumstances warrant a reduction in the fees sought because the court granted the Commissioner's motion for remand. *See Harris*, 701 F. Supp. 2d at 413; *Pereira v. Astrue*, 739 F. Supp. 2d 267, 271 (E.D.N.Y. 2000). Therefore, plaintiff attained a result no more favorable than what plaintiff would have received if plaintiff had accepted the offer, and plaintiff unnecessarily prolonged the litigation by rejecting his offer of remand.

As the courts did in *Harris* and *Pereira*, the Court rejects this argument. Mr. Delott did achieve a different remedy and appreciable gains for plaintiff by rejecting the offer of remand.

5

The Court found that the ALJ erred in applying the treating physician rule and "[t]he ALJ's failure to provide 'good reason' for not crediting the opinion of plaintiff's treating source *alone* [was] ground for remand." *Bailey*, 815 F. Supp. 2d at 598 (emphasis added). The Court made it clear that the Commissioner's motion for remand was granted as a matter of course, because the disability decision was being remanded for proper application of the treating physician rule anyway. *Id.* at 600. In fact, the Court found that inclusion of the November 11, 2005 records made the "ALJ's failure to apply the treating physician rule even more egregious." *Id.* The Court also remanded the case to a different ALJ, because of contentiousness on the part of the presiding ALJ. *Id.* at 601.

In addition, Plaintiff's decision to reject the Commissioner's offer of remand and instead move for judgment on the pleadings was reasonable. Plaintiff's treating physician stated she was incapable of full time sedentary work and the treating physicians were in agreement that plaintiff had fibromyalgia.

Moreover, the timing of the service of pleadings compared to the offer of remand is relevant here. On or about June 22, 2010, the Commissioner was notified by plaintiff's counsel that certain medical evidence that had been submitted to the Appeals Council was not contained in the administrative record. The Commissioner then waited until August 13, 2010, seven days before its motion was due, to make an offer of remand. This was several months after he had filed his answer and administrative record. This is not a case where plaintiff's counsel was offered remand before the answer was filed, such as in *Beiro*, which the Commissioner cites to support his argument, despite significant factual differences with this case. (Comm'r Opp. at 6.)

Moreover, Mr. Delott did not "prematurely prepare[] plaintiff's cross-motion." (Comm'r Opp. at 4.) The Commissioner filed his Answer and served the administrative record on May 28,

6

2010. (Mot. for Attorney's Fees at 1.) On July 26, 2010, the Commissioner belatedly filed a request for an extension of time to file Commissioner's motion on the pleadings, originally due July 30, 2010. (Comm'r Opp. at 4.) The Court granted the Commissioner's request. The Commissioner contends that by the date of the extension request, Mr. Delott had unreasonably expended 36.9 hours reviewing the administrative record and preparing plaintiff's cross-motion for judgment on the pleadings. (*Id.*) This is not unreasonable given the fact that, before the extension request was made, plaintiff's cross-motion was due in 30 days. As the court found in *Pereira*, it was not "unreasonable of counsel to begin preparing motion papers, which are expected as a matter of course in most Social Security cases, before receiving the Commissioner's motion papers." *Pereira*, 739 F. Supp. 2d at 271.

For the reasons stated above, plaintiff was not unreasonable for rejecting the Commissioner's offer of remand, nor was the amount of hours Mr. Delott spent on the cross-motion improper. As there is no "special circumstance" precluding award of fees under 28 U.S.C. § 2412(d)(1)(A) of the EAJA, plaintiff is eligible for an award of fees and other expenses.

**B.    Bad Faith**

Under sections 2412(b) and (c)(2), at the court's discretion, a plaintiff can recover attorney's fees at the prevailing market rate, rather than the statutory rate, if he establishes that the Commissioner acted in bad faith in either opposing the claimant's benefits claim on the merits or in opposing the claimant's application for EAJA fees. *Wells v. Bowen*, 855 F. 2d 37, 46 (2d Cir. 1988). The Second Circuit distinguished between Section 2412(d)'s "substantially justified" standard and section 2412(b)'s "bad faith" test, noting: "Section 2412(b) requires far more egregious conduct on the government's part than is required under section 2412(d)." *Id.* Bad faith exists where "the losing party's claims were 'entirely without color and made for

reasons of harassment or delay or for other improper purposes.'" *Id.* (quoting *Sierra Club v. U.S. Army Corps of Engineers*, 776 F. 2d 383, 390 (2d Cir. 1985), *cert. denied*, 475 U.S. 1084 (1986)).

The Court is perturbed by the Commissioner's failure to acknowledge or differentiate *Harris* and *Pereira*, two recent opinions from this district that rejected the same arguments the Commissioner makes in the instant opposition motion. However, the Commissioner's arguments in opposition to plaintiff's motion for attorney's fees are not "entirely without color." *Wells*, 855 F. 2d at 46. Plaintiff has provided insufficient evidence that the Commissioner's opposition of the request for attorney's fees was meant to harass or retaliate against plaintiff. The test is conjunctive and "neither meritlessness alone nor improper purpose alone will suffice." *See Sierra Club*, 776 F. 2d at 390. Accordingly, plaintiff's request for an award of a market rate fee of $500 per hour is denied.[2]

## C.  Hourly Rate for Attorney's Fees

"Attorney's fees under 28 U.S.C. § 2412 are to be awarded at the rate of $125 per hour, adjusted by the consumer price index ["CPI"] for the relevant community." *Pereira*, 739 F. Supp. 2d at 272. The court must apply a different cost of living adjustment for each year in which the hours were billed, rather than applying a single adjustment to the total hours billed. *Kerin*, 218 F. 3d at 194.

Plaintiff requests attorney's fee at the hourly rate of $188.11, for all three years Mr. Delott did work on her case. The Commissioner objects to that hourly rate, arguing that Mr. Delott did not use historic rates adjusted to the CPI in arriving at his proposed hourly rate. Instead, the Commissioner argues that, using the Bureau of Labor Statistics for New York,

---

[2] Notably, the Second Circuit repeatedly has rejected the granting of attorney's fees at the rate of $500 per hour for cases in this district as excessive. *Konits v. Karahalis*, 409 F. App'x 418, 422-23 (2d Cir. 2011).

Northern New Jersey and Long Island, the hourly rates should be $180.83 for work performed in 2010 and $184.93 for work performed in 2011. (Comm'r Opp. at 10.) In fact, Mr. Delott does use a historic hourly rate adjusted to the CPI and the parties disagree only on whether the appropriate hourly rate should be determined from a yearly CPI average or a monthly figure. The Commissioner proposes averaging the CPI for each month to reach a yearly average and Mr. Delott proposes using a CPI for the month of September 2011. Courts have found both methods are appropriate. *See also Sarro v. Astrue*, 725 F. Supp. 2d 364, 368 (E.D.N.Y. 2010) (adjusting the statutory $125 per hour rate based upon yearly averages of the CPI for the New York-New Jersey-Long Island area); *Contra Ferguson v. Apfel*, 2000 WL 709018 at *1 n.1 (E.D.N.Y. Apr. 17, 2000) (accepting plaintiff's calculation, which Commissioner did not refute, adjusting the statutory $125 per hour rate based upon a single CPI monthly figure).

Mr. Delott reached his proposed hourly rate calculation using a formula provided by the Commissioner's counsel in *Williams v. Astrue*, 08-cv-8029 (S.D.N.Y. 2008), and attached an email from the Commissioner's counsel in that case regarding the calculation. (*See* Mot. for Attorney's Fees, Ex. B.) While the formula Mr. Delott used is acceptable, Mr. Delott does not challenge the argument that different rates should apply for each of the years he performed work on this case, 2009, 2010, and 2011. Accordingly, Mr. Delott is directed to calculate the amount he is due, using separate hourly rates for the work done in each of the separate years.

**D.     The $130 In Service Fees is Supported by Sufficient Evidence**

The Commissioner objects to the award of $130 in "service costs," because plaintiff allegedly did not submit an explanation justifying the fee. (Comm'r Opp. at 11.) Mr. Delott included a photocopy of a check for $130 made out to Allstate Process Service and, therefore, has supported that cost adequately. In fact, this is the same evidence that the *Pereira* court found

9

satisfactory to explain the identical service fee, which the Commissioner objected to. *See Pereira*, 739 F. Supp. 2d at 272. Accordingly, plaintiff is entitled to service costs in the amount of $130.

## **CONCLUSION**

Plaintiff's motion for attorney's fees is granted to the extent that she may be awarded fees and denied in part as to the hourly fee that plaintiff's counsel is entitled to assess. Plaintiff is directed to file an affidavit recalculating the attorney's fees using a separate hourly rate for the work performed in each year, as set forth above, no later than June 14, 2013. The motion for costs in the amount of $766.26, consisting of $350 for filing fees, $130 for service costs, $281.26 for electronic research fees, and $5 for postage, is also granted.

SO ORDERED.

DATED: Brooklyn, New York
         May 31, 2013

                        _____/s/_____
                        DORA L. IRIZARRY
                        United States District Judge